UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| STEPHEN M. RUFF, an individual; RAM REDDY, M.D., an individual; and MADHUBALA REDDY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, a Minnesota corporation; ALLIANZ LIFE INSURANCE COMPANY OF NEW YORK; and WINTRUST LIFE FINANCE f/k/a/ FIRST INSURANCE FUNDING CORP., an Illinois corporation, <br><br> Defendants. | Case No.: _____ |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Allianz Life Insurance Company of North America ("Allianz North America"), Allianz Life Insurance Company of New York ("Allianz New York", and collectively, "Allianz"), and Wintrust Life Finance, formerly known as FIRST Insurance Funding Corp. ("Wintrust"), hereby timely remove this action, State Court Case No. 2019-CA-9067-O, from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida to this Court.[1] The United States District Court for the Middle District of Florida has original subject-matter

---

[1] By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Further, Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service of process, improper venue, or forum non conveniens.

US.124372606.05

jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. As grounds for removal, Defendants state as follows:

## I. STATE COURT ACTION

1. On or about July 18, 2019, Plaintiffs Stephen Ruff, Ram Reddy, and Madhubala Reddy filed an action styled *Ruff, et al. v. Allianz Life Insurance Company of North America, et al.*, Case No. 2019-CA-9067-O, in the Circuit Court of Orange County, Florida (the "State Court Action"). A true and correct copy of the Complaint is attached hereto within Exhibit 1.[2] The Complaint names as Defendants both Allianz entities and Wintrust.

2. Plaintiffs allege claims for (1) breach of contract and duty of good faith and fair dealing; (2) breach of implied in fact contract; (3) promissory estoppel; (4) unjust enrichment; (5) fraud in the inducement; (6) breach of fiduciary duty; and (7) accounting. (*See* Compl.)

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A).

3. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and this Court's diversity jurisdiction, removal of the State Court Action to this Court is appropriate.

4. Allianz North America was served on August 7, 2019. Allianz New York was served on August 15, 2019. Plaintiffs filed an affidavit of service indicating that Wintrust was served on August 6, 2019. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case no later than thirty days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

---

[2] The Complaint filed in the State Court Action did not redact certain information required to be redacted by Rule 5.2 of the Federal Rules of Civil Procedure. The information covered by Rule 5.2 has been redacted in Exhibit 1.

### A. Complete Diversity is Satisfied.

5. Complete diversity exists between Plaintiffs and Defendants, thus satisfying the diversity requirement of 28 U.S.C. § 1332(a)(1).

6. Plaintiff Stephen Ruff alleges that he is an individual residing in the State of Florida. (Compl. ¶ 2.) Ruff's Florida residency gives rise to a presumption that he is also a Florida citizen. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72 (11th Cir. 2007). Accordingly, based on the Complaint, Ruff is, and was at the time of filing this action, a citizen of Florida for purposes of diversity jurisdiction.

7. Plaintiff Ram Reddy alleges that he is an individual residing in the State of Florida. (Compl. ¶ 3.) Ram Reddy's Florida residency gives rise to a presumption that he is also a Florida citizen. *See King*, 505 F.3d at 1171-72. Accordingly, based on the Complaint, Ram Reddy is, and was at the time of filing this action, a citizen of Florida for purposes of diversity jurisdiction.

8. Plaintiff Madhubala Reddy alleges that she is an individual residing in the State of Florida. (Compl. ¶ 4.) Madhubala Reddy's Florida residency gives rise to a presumption that she is also a Florida citizen. *See King*, 505 F.3d at 1171-72. Accordingly, based on the Complaint, Madhubala Reddy is, and was at the time of filing this action, a citizen of Florida for purposes of diversity jurisdiction.

9. Allianz North America is, and was at the time of filing this action, a citizen of the State of Minnesota, as it is a corporation that is incorporated under Minnesota law and has its principal place of business in Golden Valley, Minnesota.

10. Allianz New York is, and was at the time of filing this action, a citizen of the State of New York, as it is a corporation that is incorporated under New York law and has its principal place of business in New York, New York.

US.124372606.05

11.     According to the Complaint, Defendant Wintrust Life Finance is an Illinois corporation. In fact, Wintrust Life Finance is a division of Lake Forest Bank & Trust Company, N.A. ("Lake Forest"). Lake Forest is, and was at the time of filing this action, a citizen of the State of Illinois, as it is a national association with its main office located in Illinois.

### B.     The Amount-in-Controversy Requirement is Satisfied.

12.     Removal is proper under section 1446(c)(2)(B) if the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[3]

13.     Under section 1446(a), defendants seeking to remove an action must include in its notice of removal "a short and plain statement of the grounds for removal." The Supreme Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100-889, p. 71 (1988)) (internal quotation marks omitted). To satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 551 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 200

---

[3] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

4

(4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'").[4]

14. "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations and internal quotation marks omitted). A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). The defendant may satisfy its burden by showing that it is "[f]acially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061 (citations omitted). The defendant is not required to come forward with evidence beyond the text of the complaint. Instead, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. Courts are free to rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings," and "need not suspend reality or shelve common sense" in performing this analysis. *Id.* at 1061–62 (citations and internal quotation marks omitted).

---

[4] If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *See Dart Cherokee*, 135 S. Ct. at 554 ("Evidence establishing the amount *is required* . . . when . . . the court questions[] the defendant's allegation.") (emphasis added). In other words, a court may not *sua sponte* remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g., Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Harmon v. OKI Systems*, 115 F.3d 477, 479 (7th Cir. 1997) (failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

US.124372606.05

15. Here, the amount-in-controversy requirement for diversity jurisdiction is satisfied because it is clear from the face of Plaintiffs' Complaint that Plaintiffs allege more than $75,000 in damages. Plaintiffs assert that Defendants' alleged actions resulted in the improper or unjust surrender of the Reddys' insurance policies and the denial of commission payments to Ruff. (*See e.g.* Compl. at ¶¶ 42-43.) Plaintiffs allege that the Reddys' insurance policies had specified amounts totaling in excess of $3,000,000. (*See id.* at ¶¶ 19-20.) As to Ruff, Plaintiffs claim that because of Defendants' alleged actions, Ruff lost over $115,000 due to garnishment proceedings in addition to a 100% chargeback on commissions on the Reddys' policies. (*See id.* at ¶ 47; *see also id.* at ¶ 48 (alleging Allianz's "error" in handling the garnishment "forced Ruff into bankruptcy . . . which caused great financial and reputational damage to Ruff as he is in the financial services industry").) Plaintiffs additionally allege that Ruff suffered "further damages" as a result of an alleged "campaign of retribution" because of Allianz's refusal to pay Ruff fees and costs associated with Allianz's handling of the writ of garnishment, and damages caused by Ruff being no longer able to sell Allianz products. (*See id.* at ¶¶ 49-51.) These allegations show that the amount in controversy in the claims in this action vastly exceed the $75,000 minimum set by statute.

16. Therefore, in light of the allegations in the Complaint and the extensive and varied damages sought by Plaintiffs, it is "facially apparent" that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, *see Pretka*, 608 F.3d at 754-55, and Defendants have sufficiently alleged the basis for diversity jurisdiction at the notice-of-removal stage. *See Dart*, 135 S. Ct. at 553; *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 (11th Cir. 2009) (holding that the trial court cannot *sua sponte* remand a case as long as the removing party pleads the general basis for diversity jurisdiction).

17. This Court, accordingly, has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the State Court Action presents a case where the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

## III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

18. As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), attached as Exhibit 1 are copies of all process, pleadings, orders, and other papers or exhibits of any kind filed in the removed case.

19. Under 28 U.S.C. § 1441(a), this action may be removed to this Court, which is the district embracing the place where the State Court Action is pending.

20. Consistent with 28 U.S.C. § 1446(d), Defendants are also filing a Notice of Filing Notice of Removal with the clerk of the Circuit Court of Orange County, Florida, and promptly serving written notice of this removal on Plaintiffs' counsel this date.

21. Accordingly, Defendants remove this action and give notice to Plaintiffs and to the Circuit Court of Orange County, Florida, that the State Court Action shall proceed no further pursuant to 28 U.S.C. § 1446(d).

| | |
|---|---|
| Dated: August 30, 2019 | Respectfully submitted, |
| /s/ Daniel C. Johnson<br>Daniel C. Johnson<br>Trial Counsel<br>Florida Bar Number 522880<br>CARLTON FIELDS P.A.<br>200 South Orange Avenue<br>Suite 1000<br>Orlando, FL 32801<br>Telephone: (407) 849-0300<br>Facsimile: (407) 648-9099<br>Email: djohnson@carltonfields.com | /s/ Shaina Stahl<br>Shaina Stahl<br>Trial Counsel<br>Florida Bar Number 77643<br>NELSON MULLINS BROAD AND CASSEL<br>390 North Orange Avenue<br>Suite 1400<br>Orlando, Florida 32801-4961<br>Telephone: (407) 839-4237<br>Facsimile: (407) 425-8377<br>Email: shaina.stahl@nelsonmullins.com |
| OF COUNSEL: | OF COUNSEL: |
| Jeffrey D. Hedlund (*pro hac vice motion to be filed*)<br>Trial Counsel<br>Isaac B. Hall (*pro hac vice motion to be filed*)<br>Trial Counsel<br>FAEGRE BAKER DANIELS LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901<br>Telephone: (612) 766-7000<br>Facsimile: (612) 766-1600<br>Email: Jeff.Hedlund@FaegreBD.com<br>Email: Isaac.Hall@FaegreBD.Com<br><br>*Attorneys for Defendants Allianz Life Insurance Company of North America and Allianz Life Insurance Company of New York* | Todd Gale (*pro hac vice motion to be filed*)<br>Trial Counsel<br>Christina Brunty (*pro hac vice motion to be filed*)<br>Trial Counsel<br>DYKEMA GOSSETT PLLC<br>10 South Wacker Drive, Suite 2300<br>Chicago, Illinois 6066<br>Telephone: (312) 876-1700<br>Facsimile: (312) 876-1155<br>Email: tgale@dykema.com<br>Email: cbrunty@dykema.com<br><br>*Attorneys for Defendant Wintrust Life Finance f/k/a/First Insurance Funding Corp., an Illinois bank* |

8

US.124372606.05

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2019, a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that a copy of the foregoing document was served by U.S. Mail and email to Clay M. Townsend, Esq. 20 N. Orange Avenue, Suite 1500, Orlando, Fl. 32801, CTownsend@forthepeople.com.

/s/ Daniel C. Johnson
Attorney